No. 89-421

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

WESTSIDE NEIGHBORHOOD BETTERMENT COMMITTEE,

Plaintiff and Appellant,

-vs-

CITY OF GREAT FALLS, and THE SALVATION ARMY,

Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant(s):

        Patrick F. Flaherty; Flaherty & Winner, Great Falls,
        Montana

    For Respondent(s):

        David V. Gliko, City Attorney, Great Falls, Montana
        Randall H. Gray; James, Gray & McCafferty, Great
        Falls, Montana

Submitted on Briefs: Dec. 21, 1989

Decided: March 9, 1990

Filed:

_____
            Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Westside Neighborhood Betterment Committee appeals from a judgment of the District Court, Eighth Judicial District, Cascade County, upholding the issuance of a building permit to the Salvation Army. We affirm the District Court.

The issues raised by appellant are:

1. Whether the building permit was issued in violation of municipal codes, and is therefore void.

2. Whether the proposed building is in violation of § 76-2-304, MCA.

On October 5, 1988, the Great Falls Salvation Army applied for and was issued a permit for the construction of a new warehouse. Area land owner Edward Judge formally protested the issuance of the permit and requested a review by the Great Falls Board of Adjustment. The Board reviewed the matter, and allowed the permit as issued.

The matter was then appealed to the Great Falls City Commission, which denied the permit on December 20, 1988. Counsel for the Salvation Army subsequently informed the Commission that it had no legal basis to withdraw the permit, and asked for reconsideration of the matter. At the Commission's next meeting on January 3, 1989, the decision was reversed and the permit issuance approved.

On January 31, 1989, Westside Neighborhood Betterment Committee (Westside) filed a petition for a writ of certiorari, and a complaint seeking a declaratory judgment, injunction and abatement of nuisance.

Testimony at hearings on the matter established the premises were zoned "general commercial," permitting the proposed use of a warehouse; that the storage of used clothing and other second-hand items was not a violation of city ordinance; that sufficient parking spaces existed to comply with city ordinances; and that the proposed building conformed to other buildings in the area with

respect to aesthetic appearance, as well as conforming to all other pertinent ordinances. The District Court found no violations of state law or city ordinance by the City's issuance of the building permit, and therefore denied plaintiff's petition for writ of certiorari and petition for injunction and abatement of nuisance. This appeal resulted.

Westside contends that the building permit was issued in violation of Great Falls Municipal Code 17.81.010, which states that general commercial sites must have one off-street parking spot for each 200 square feet of gross floor space. All parties agreed that the Salvation Army project required 114 parking spaces.

Westside's contention is based on the parking layout as of the date of application, which showed 72 off-street spaces. Because of this, Westside maintains that there was clearly an inadequate number of spaces, and the permit should not have been issued.

However, it was shown at the District Court hearing that the Salvation Army had adequate room, upon a reworking of the parking layout, for 118 spaces. Westside offered no credible evidence to refute the finding that the parking scheme was in compliance with the ordinance. The District Court correctly found no violation of Great Falls Municipal Code 17.81.010 to exist.

Westside further contends that the proposed use of the building to store "junk" violates Great Falls Municipal Ordinance 17.33.010.

Ordinance 17.33.010 details prohibited uses of buildings in general commercial districts. Subsection (4) proscribes the "[s]torage, baling, packing or treatment of scrap paper, iron, bottles, rags or junk."

The District Court found that the intended use of the building included the storage of such second-hand items as clothing and athletic equipment, to be sold in their original state, presumably for their original purpose. The city ordinance does not define "junk." Salvation Army cites several cases for the premise the second-hand articles may be distinguished from "junk" in that

"second-hand articles, although used, still possess utility in their present state for the purpose for which they are originally intended while 'junk' possesses usefulness only through conversion or reduction into components." State v. Cohn (Conn. 1962), 188 A.2d 878, 882. Following that rationale, the District Court concluded that the Salvation Army proposed to deal in used goods, and not "junk" as Westside maintained. Again, the District Court found no violation of municipal code.

Finally, Westside maintains that the District Court erred by failing to find that the proposed building adversely impacts the character of the neighborhood in violation of § 76-2-304, MCA.

Section 76-2-304, MCA, speaks to the purposes of enacting municipal zoning. It states that zoning regulations shall be made with reasonable consideration to the character of a district, suitability for particular use and with a view to conserving the value of buildings and encouraging appropriate land use. This statute refers only to the considerations necessary when adopting a zoned district. It in no way limits or mandates what structures may be erected or refurbished in the district after the zone has been established.

The City Building Inspector found the project met all building code requirements. The Zoning Technician confirmed that all city ordinance requirements were met. Westside has failed to show any violations of state statute.

Section 303(a) of the Uniform Building Code provides:

If the building official finds that the work described in an application for a permit and the plans, specifications and other data filed therewith conform to the requirements of this code and other pertinent laws and ordinances, and that the fees specified in Section 304 have been paid, he shall issue a permit therefor to the applicant. (Emphasis added.)

In Bateson v. Geisse (9th Cir. 1988), 857 F.2d 1300, the Ninth Circuit Court of Appeals upheld judgment entered by Judge Battin against the City of Billings, where a proposed development which

4

complied with all applicable zoning classifications was denied a building permit. The court noted that the action was arbitrary and unreasonable and violated the property owner's substantive due process rights.

In Bateson, as here, all requirements were met. Once the City made that determination, it properly issued the permit.

We affirm the holding of the District Court.

_____
                                    Justice

We Concur:


_____

_____

_____

_____
        Justices